IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVID NICHOLS,

    Plaintiff,

v.      Case No. **6:14-CV-00181-SPS**

LYNN BOYER, INC.,

    Defendant.

## COMPLAINT

**COMES NOW** the Plaintiff, David Nichols, by and through his attorneys of record, Paul M. Northcutt and Matthew B. Patterson of the Edwards Law Firm, and for his claims against the Defendant, Lynn Boyer, INC., alleges and states the following:

### JURISDICTION

1. This is an action for damages, and the relief arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. '2000e, et seq.; and the pendant jurisdiction of this Court with regard to the laws of the State of Oklahoma.

2. Jurisdiction of this Court is founded upon 28 U.S.C. '1331 and 42 U.S.C. '2000E-5(f) and the pendant jurisdiction of this Court.

3. Venue of this Court is invoked pursuant to 28 U.S.C. '1391 and 42 U.S.C. '2000E-5(f) (3).

4. The Plaintiff has timely filed his complaint with the Equal Employment Opportunity Commission which issued the Plaintiff=s "Right to Sue" letter on February 12, 2014.

### PARTIES

(a)     David Nichols, he resides in the City of Stigler, Haskell County, State of Oklahoma and was an employee of the Defendant named herein, at Lynn Boyer Inc.

5.   The Defendant in this action is:

(a)     Lynn Boyer Inc. is a private corporation with its headquarters located in Ardmore, OK. That this action is brought within the time frame allowed by law.

## COUNT 1

6.   The Plaintiff, David Nichols, was hired by Lynn Boyer, Inc. on or about July 1, 2011, as an Electrician.

7.   On at least two occasions since November 16, 2012, Plaintiff's supervisor, Rammond Dewitt, made sexual explicit and suggestive comments in front of and to the Plaintiff. Mr. Dewitt and the Plaintiff were at all times relevant herein were employees of Lynn Boyer, Inc.

8.   Mr. Dewitt, an employee of Defendant, started out by making sexually explicit solicitations to the Plaintiff. The solicitations to Mr. Nichols included Mr. Dewitt asking for sexual favors in return for Mr. Nichols working more hours for Lynn Boyer, Inc. The solicitations continued and eventually Mr. Dewitt asked for sexual favors in order for Mr. Nichols to keep his position at Lynn Boyer Inc.

9.   The Plaintiff complained and reported the harassing comments and conduct to Defendant on several occasions.

10.   The Defendant Lynn Boyer, Inc. knew about its employee, Rammond Dewitt, habits of sexually harassing Mr. Nichols. Despite Lynn Boyer, Inc's knowledge of its employee, Mr. Dewitt, proclivities to sexually harass, annoy, abuse, and intimidate Mr. Nichols, the Defendant did not stop the continued harassment. The Defendant breached it's duty to provide safe working

environment for its employees by failing to take steps to insure that the patterns of sexual harassment would not continue which violated Mr. Nichols' right to be free from unlawful discrimination pursuant to 42 U.S.C. §2000e, et seq.

11.     Plaintiff alleges that the actions of sexual harassment by Mr. Dewitt, an employee of Lynn Boyer Inc., and the Defendant's failure to take appropriate steps to remedy the harassment constitutes unlawful discrimination against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

12.     Defendant knew, or reasonably should have known, that the sexual harassment of Mr. Nichols by his supervisor was a violation of Title VII in that the Plaintiff had the right to be free from the constant sexual harassment perpetrated upon him. The Defendant acted maliciously, willfully, or in a wanton and reckless disregard of Plaintiff's constitutional rights by allowing the sexual harassment in violation of Plaintiff's Civil Rights.

**WHEREFORE**, Plaintiff, on Count I requests the Court grant the following relief:

a.  Front pay;

b.  Back pay and other benefits to which the Plaintiff would have been entitled but for the unlawful acts of the Defendant;

c.  Compensatory damages for humiliation, embarrassment and emotional and mental distress;

d.  Interest and costs, including attorney's fees;

e.  Punitive damages; and

f.  Such other relief which this Court deems appropriate.

## Count II

Plaintiff, for Count II of his cause of action against the Defendant, hereby re-alleges and incorporates all previously stated paragraphs herein and further alleges and states:

15. The Defendant intentionally caused the emotional distress of the Plaintiff. Defendant realized by its inactivity that Mr. Nichols was likely to suffer the injuries complained of by the actions of Lynn Boyer Inc. employees.

16. The Defendant's actions were unreasonable.

17. Plaintiff suffered emotional distress as a direct result of a Lynn Boyer Inc. employee and the Defendant's conduct.

18. The Defendant's conduct was in will disregard of the Plaintiff's rights as they should have had the knowledge of the probability that the emotional distress suffered by the Plaintiff would have occurred. The Defendant's actions were committed with deliberate and reckless disregard of that probability.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant on Count II for actual damages in an amount in excess of $75,000.00 for punitive damages, for prejudgment and post judgment interest, for costs and attorney fees, and for any such other relief which the Court deems appropriate.

Respectfully Submitted,

**THE EDWARDS LAW FIRM**

By: _____
Paul M. Northcutt, OBA # 30198
Matthew B. Patterson, OBA # 22266
321 S. 3rd Street, Suite 1
P.O. Box 1066
McAlester, OK 74502
918-302-3700 – Telephone